UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARJORIE E. KINGSBERY** | * | |
| (Plaintiff) | * | CIVIL ACTION NO. 20-3192 F (5) |
| | * | |
| **VERSUS** | * | |
| | * | |
| **DAVID R. PADDISON, INDIVIDUALLY** | * | |
| | * | |
| **AND** | * | |
| | * | |
| **DAVID PADDISON,** | * | |
| **ATTORNEY-AT-LAW, LLC** | * | |
| (Defendants) | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

David R. Paddison, Individually ("Paddison") and David Paddison, Attorney-at-Law, LLC (the "Law Firm") respectfully submits this Memorandum in Support of their Motion for Summary Judgment.  Attached hereto and made a part hereof are the Sworn Declaration of David R. Paddison, together with the exhibits thereto, including Defendants' First Set of Requests for Admission to Plaintiff, Marjorie E. Kingsbery (the "Requests for Admission"), which were served on plaintiff's counsel on July 15, 2021 and remain unresponded to as of the date of filing this Motion for Summary Judgment and, pursuant to F.R.C.P. 36, are deemed admitted, as a matter of law (Exhibit A hereto) and the Sworn Declaration of Lori Manville (Exhibit B hereto).  Also submitted in support of defendants' Motion for Summary Judgment is Defendants' Statement of Material Facts not Genuinely in Dispute.  Based on the foregoing, defendants submit that there are no issues of material fact genuinely in dispute in this matter and that they are entitled to judgment

1

dismissing plaintiff's Complaint, as a matter of law, pursuant to F.R.C.P. 56, all for the reasons that follow.

## INTRODUCTION

Plaintiff, Marjorie E. Kingsbery ("Kingsbery"), filed this action under the Federal Fair Labor Standards Act (the "FLSA"),[1] claiming allegedly unpaid overtime going back to November, 2017 or 2018,[2] and under the Louisiana Wage Payment Act (the "LWPA"),[3] claiming allegedly unpaid wages and vacation time. Plaintiff claims that she was not paid for 10 hours of time that she had worked as of the termination of her employment and for 2 vacation days. Plaintiff also seeks statutory penalties under the LWPA.

Defendants submit that they are entitled to summary judgment dismissing all of Kingsbery's claims because the undisputed facts clearly establishes that she was an administrative or professional employee and is, accordingly, exempted from the overtime requirements of the FLSA and also establish that Kingsbery was not entitled to any vacation pay per the policy of the Law Firm and that she did not work for the Law Firm following her departure from the Law Firm on March 23, 2020, at a time when she had been paid everything that she was owed up until that point, and, is therefore, not entitled to the alleged 10 hours of wages. Kingsbery had admitted these facts because she failed to answer or otherwise respond to defendants' Requests for Admission, which were served on her counsel on July 15, 2020 within 30 days of that date. Indeed, as of the date of filing this Motion for Summary Judgment, Kingsbery had not responded to the Requests for Admission.

---

[1] 29 U.S.C. § 201, *et seq.*
[2] In fact, the plaintiff claimed unpaid overtime going back much farther, but in its Order and Reasons filed in this matter on May 12, 2021, this Court limited Kingsbery's claims for willful failure to pay overtime wages to the period that is 3 years prior to the filing of the Complaint in November 2020 and for non-willful failure to pay overtime wages to 2 years prior to the filing of the Complaint.
[3] LSA-R.S. 23:631, *et seq.*

F.R.C.P. 36 provides:

> ***A matter is admitted*** **unless, within 30 days after being served, the party to whom the request is being directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney**. (Emphasis added).

Because more than 30 days have elapsed since defendants' served the Requests for Admission on Kingsbery, without any answer or response having been served, the matters set forth in the Requests for Admission are admitted facts as a matter of law.

## STATEMENT OF FACT

At all material times, plaintiff, Marjorie Kingsbery ("Kingsbery") was employed by the Law Firm. Kingsbery was never employed directly by Paddison in his individual capacity, as she has admitted.[4] When Kingsbery first came to work for the Law Firm, she stated that she needed to make at least $50,000 per year, a salary to which was agreed upon by Kingsbery and the Law Firm.[5] The Law Firm does not have a paid vacation policy and has never paid employees for their time away from the office while they are on vacation, a fact of which Kingsbery has admitted.[6] During the entirety of her employ by the Law Firm, Kingsbery was paid far more than the FLSA regulations' minimum wage requirement and in fact was paid more than $1,000 per week.[7]

Further, during the entirety of her employ by the Law Firm, Kingsbery was always promptly and completely paid her salary when due. At no time, during the entirety of her employ by the Law Firm, including the period for which she claims unpaid "overtime" in this lawsuit, did

---

[4] Sworn Declaration of of David R. Paddison, Exhibit A to the Memorandum in Support of Motion for Summary Judgment ("Paddison Dec."), ¶ 3; Defendants'…First Set of Requests for Admission to Plaintiff, Marjorie E. Kingsbery ("Req. for Admission"), ¶s 3, 17.
[5] Paddison Dec. ¶ 4.
[6] Paddison Dec. ¶ 4; Req. for Admission, ¶ 14; Sworn Declaration of Lori Manville, attached to the Memorandum in Support of Motion for Summary Judgment as Exhibit B, ("Manville Dec."), ¶ 7.
[7] *Id.,* ¶s 4, 7, 38; Req. for Admission, ¶ 3; Manville Dec. ¶ 6.

Kingsbery ever demand any "overtime" pay, nor did she ever demand any vacation pay and she was not paid any, as she has admitted.[8]

Kingsbery has admitted that she acted as a paralegal/legal assistant to Paddison.[9] She had a great deal of responsibility in conjunction with her job duties and also exercised a great deal of autonomy.[10] She ran the Law Office and managed its business affairs. She was responsible for keeping its accounts, books and records. She served as a paralegal and legal assistant to Paddison. She had access to the Law Firm's bank accounts, clients' files, exercised control over co-employees and created policies and attempted to improve the workings of the Law Firm. Kingsbery created her own paychecks and the paychecks of the other full-time employee of the Law Firm, as well as the paychecks for any attorneys contracted to perform services for the firm. Kingsbery would then place them before Paddison to sign on behalf of the Law Firm, which he did, without question, since he placed a great deal of trust in Kingsbery. Kingsbery paid herself weekly. She handled the funding of the payroll account, and was responsible for ensuring that there were sufficient funds in the appropriate account to pay the payroll taxes. She also drafted pleadings, brainstormed issues with Paddison related to the Law Firm's clients and cases, scheduled hearings, established timelines, kept track of deadlines, dealt with clients and interfaced with other employees on Law Firm business. She was also expected to understand the rules of civil procedure and court rules. Kingsbery exercised discretion and independent judgment with respect to matters of significance to the Law Firm. In sum, Kingsbery was generally responsible for the Law Firm's day-to-day operations and her services were critical and essential to its operations.[11]

---

[8] Paddison Dec. ¶ 5; Req. for Admission, ¶s 12, 13, 19, 26; Manville Dec. ¶s 9, 12.
[9] Req. for Admission, ¶ 1.
[10] Req. for Admission, ¶ 2.
[11] Paddison Dec. ¶s 8, 11; Req. for Admission, ¶s 1, 2, 5, 6, 7, 27; Manville Dec., ¶s 5, 10.

Since Kingsbery was responsible for the payroll, she was permitted to use whatever method she chose to get to the agreed upon salary of at least $50,000.00 per year, whether it was $X per week, per month or per hour. That was totally within her discretion, but she was salaried.[12] Kingsbery kept her own hours and came and went from the office as she chose, often leaving during the workday for personal appointments. She was allowed great latitude in how she did her work.[13] Prior to the filing of this lawsuit, Kingsbery never complained of her job duties or exempt status during her employment.[14]

By March 16, 2020, it was apparent that COVID-19 was beginning to spread rapidly throughout Louisiana and the Governor began issuing executive orders in response. The Governor issued a stay-at-home order on March 22, 2020, but the order exempted attorney's offices and further did not go into effect until 5:00 p.m. on March 23, 2020. On March 23, 2020, Kingsbery and Paddison communicated about COVID-19 and whether the law office would be able to continue operating during the pandemic. At that time, Kingsbery indicated that she had been familiarizing herself with the CARES Act package.[15]

Paddison and Kingsbery were in the Law Office on March 23, 2020. After paying Kingsbery and the other full-time employee *all that they were then owed*, Paddison left the office to run an errand, but instructed Kingsbery to stay until his return, at which time, they would discuss operations in light of COVID. Contrary to Paddison's instructions, Kingsbery left the office with no understanding regarding future employment. Kingsbery ultimately requested furlough status that would allow her to draw not only state unemployment but an additional $600 dollars a week, for a total of some $900 per week, through the CARES Act enhancement. The Law Firm was

---

[12] Paddison Dec. ¶ 9.
[13] Paddison Dec. ¶ 10
[14] Paddison Dec. ¶ 12.
[15] Paddison Dec. ¶ s 15, 16.

5

requested to, and did, execute a furlough request so that Kingsbery could collect enhanced unemployment benefits under the CARES Act.[16] Kingsbery never returned to the office after March 23, 2020, as she has admitted.[17]

At no time on March 23, 2020, did Kingsbery represent that she was owed anything for alleged wages, "overtime," nor for any "vacation time," for the vacation that she had taken in February[18] or any unused vacation time and in fact she was owed none, nor would she have been owed any, since, as she well-knew, the Law Firm does not pay employees for vacation time.[19] When Kingsbery requested that the Law Firm furlough her so that she would be entitled to CARES Act benefits, she expressly represented to the Louisiana Workforce Commission in the furlough forms that no salary was owed to her and that she had been furloughed and laid off, effective as of March 23, 2020. Based upon information and belief, Kingsbery received large sums of money in the form of unemployment compensation, including the enhanced CARES Act benefits, from and March 23, 2020, until the benefits expired.[20]

Although Kingsbery had not returned to the Law Firm to work after March 23, 2020 despite repeated requests that she do so, on April 3, 2020, Kingsbery informed Paddison that she had allegedly done the Law Firm's billing – a task that should have been completed prior to her departure on March 23, 2020. Paddison was skeptical that Kingsbery had done any billing, since she did not come physically into the office to do it and did not have access to any files or information with which to do it, due to the fact that by March 31, 2020, Paddison had changed the passwords on Kingsbery's computer and had removed her from the Law Firm's bank accounts.[21]

---

[16] Paddison Dec. ¶ 17, 18, 21, 24; Req. for Admission, ¶s 8, 10, 16.
[17] Req. for Admission, ¶ 7.
[18] Kingsbery's last vacation prior to her separation from the Law Firm was from February 19, 2020 through February 25, 2020. Paddison Dec. ¶ 4.
[19] Paddison Dec. ¶ 19; Req. for Admission, ¶ 12, 13, 26; Manville Dec. ¶ 9, 12.
[20] Paddison Dec. ¶ 33; Req. for Admission, ¶s 9, 24.
[21] Paddison Dec. ¶s 22, 23, 25, 27; see also, Req. for Admission, ¶20.

On April 14, 2020, Kingsbery informed Paddison that she had allegedly spent 10 hours on billing, for which she wanted to be paid. At that point, Paddison asked her to provide him with a description of what she did for the 10 hours that she claimed she worked after March 23, 2020. She did not provide any back-up for the alleged 10 hours at that time, nor has she ever provided any back-up or records of any kind, supporting her claim that she worked on the Law Firm's billing or anything else following her departure on March 23, 2020.[22] It was not until after Kingsbery's furlough papers had been signed and submitted, at her request, to the Louisiana Workforce, to which she had claimed that she was not owed anything at the time of the submission, that Kingsbery claimed she was owed for 10 hours, while refusing to provide any back-up or information relative to these hours.[23] Indeed, she has now admitted, as a matter of law, in the Requests for Admission that she did not do any work for the Law Firm after her departure on March 23, 2020.[24]

Following the filing of this lawsuit, an audit (the "Payroll Audit") of the Law Firm's payroll accounts was conducted by the Louisiana Workforce Commission. This process was monitored by a certified public accountant, and Lori Manville, who was called upon by the Louisiana Workforce Commission to assist in the audit of the Payroll Audit. This is the only audit of the Law Firm's payroll records by the Louisiana Workforce Commission that has ever been conducted in 44 years of practice. All of the reporting to the Louisiana Workforce Commission had been done by Kingsbery during her employ with the Law Firm.[25]

The Payroll Audit concluded that Kingsbery was not owed anything further and also concluded that Kingsbery misreported her own wages and overreported Chetta's wages. The

---

[22] Paddison Dec. ¶s 31, 32, 34, 41, 42; Req. for Admission, ¶ 7, 11, 24.
[23] Paddison Dec. ¶ 34.
[24] Req. for Admission, ¶ 24.
[25] *Id.,* 36; Manville Dec. ¶s 5, 8.

7

overreported difference, done solely by Kingsbery, was corrected by the tax agent via amendments. There were no additional taxes due after the correction of the discrepancy solely precipitated by the reporting of Kingsbery.[26] Kingsbery's W-2 salary for 2018 was $54,816.00 and for 2019 was $54,840.00.[27]

## LAW AND ARGUMENT

### A. Summary Judgment Standard

F.R.C.P. 56(a) provides that summary judgment is to be granted when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Here, the affidavits submitted in support of defendants' motion for summary judgment, together with the exhibits thereto and the facts admitted by Kingsbery as a result of her failure to respond to defendants' Requests for Admissions, clearly demonstrate that there are no genuine disputes as to any material facts and that defendants are entitled to judgment as a matter of law.

### B. Summary Judgment is Appropriate in Favor of Paddison, Individually.

Kingsbery was never employed by Paddison, individually, but was at all times employed by the Law Firm. She has so admitted in the Requests for Admission, at ¶s 17 and 18. Accordingly, Paddison is entitled to summary judgment dismissing him, in his individual capacity as a defendant in this action.

### C. As Kingsbery was an Exempt Employee Under FLSA, Summary Judgment is Appropriate as to her Claims for "Overtime"

As this Court has repeatedly noted and as Kingsbery herself has now admitted in the Requests for Admission, at ¶s 1, 2, 5, 6, 19, and 27, her qualifications and job responsibilities far

---

[26] Paddison Dec. ¶ 37 and Exhibits 2 and 6 thereto; Manville Dec., ¶ 8.
[27] Paddison Dec. ¶ 38; Manville Dec. ¶ 6.

transcended the requirements of FSLA related to exemption from employee occupying a bona fide, executive administrative, or professional position from its overtime requirements. 29 USC Section 207 and 213 (a)(1). 29 C.F.R. 541.0 *et seq.,* sets out a "short test" for determining whether an employee is an administrative employee.  Pursuant to 29 C.F.R. 541.200, an employee is an administrative employee exempt from the overtime requirements if: (1) she is compensated on a salary or fee basis of at least $684.00 per week; (2) she performs primarily office or nonmanual work directly related to the management or general business operations of the employer or the employer's customers; and, (3) her primary duties involve the exercise of discretion and independent judgment with respect to matters of significance.  The undisputed facts clearly demonstrate that Kingsbery's compensation far exceeded the $684.00 per week threshold, she performed office or nonmanual work directly related to the management and general business operations of the Law Firm and she exercised great discretion and independent judgment with respect to matters of significance.  Thus, Kingsbery meets the regulatory test for an exempt administrative employee.

She also qualifies as an exempt professional employee under 29 C.F.R. 541.300 because the undisputed facts demonstrate that (1) she was compensated on a salary or fee basis at a rate exceeding $684.00 per week; and (2) a large part of her primary duties included work requiring knowledge of an advanced type in a field of science or learning customarily acquired by prolonged course of specialized intellectual instruction, *i.e.,* paralegal.  Thus, Kingsbery is except from the overtime requirements under the short-tests for both administrative and professional employees by the allegations of her own Complaint.

Moreover, the undisputed material facts also disclose that at no time ever during her entire employment with the Law Firm did she *ever* claim that she was owed any "overtime." That is because she was not, and is not, owed any and if she had been owed any and wasn't paid it, that was her own doing, since she was in charge of the payroll and how she was paid.[28]

Because Kingsbery was an exempt employee for purposes of the FLSA and because she has admitted that no overtime was every requested by her of anyone, defendants are entitled to summary judgment as a matter of law, dismissing Kingsbery's FLSA claims in their entirety.

### D. As Kingsbery has Admitted that she did not Work for the Law Firm after March 23, 2020, Summary Judgment is Appropriate as to her LWPA Claims.

The LWPA obligates an employer to promptly pay an employee earned wages due upon the employees discharge or resignation, in this case, this Court Kingsbery has admitted that she did not do any work for the Law Firm after she left on March 23, 2020.[29] Summary judgment should be granted on Kingsbery's LWPA claims on that basis alone.

Furthermore, however, Kingsbery has never presented the Law Firm or this Court with any back-up or description of the work that she alleged in her Complaint that she performed for 10 hours in April, or any records of any kind, supporting her claim that she worked on the Law Firm's billing or anything else following her departure on March 23, 2020.[30] It was not until after Kingsbery's furlough papers had been signed and submitted, at her request, to the Louisiana Workforce, to which she had claimed that she was not owed anything at the time of the submission, that Kingsbery claimed she was owed for 10 hours, while refusing to provide any back-up or information relative to these hours.[31] Indeed, she has now admitted, as a matter of law, in the

---

[28] Paddison Dec. ¶ 8, 9, 10, 19; Manville Dec. ¶s 9, 10, 12; Req. for Admission, ¶s 5, 6, 12, 13.
[29] Req. for Admission, ¶s 7, 10, 24.
[30] Paddison Dec. ¶s 31, 32, 34, 41, 42; Req. for Admission, ¶ 7, 11, 24.
[31] Paddison Dec. ¶ 34.

Requests for Admission that she did not do any work for the Law Firm after her departure on March 23, 2020.[32]

Furthermore, following the filing of this lawsuit, an audit (the "Payroll Audit") of the Law Firm's payroll accounts was conducted by the Louisiana Workforce Commission. This process was monitored by a certified public accountant, and Lori Manville, who was called upon by the Louisiana Workforce Commission to assist in the audit of the Payroll Audit. This is the only audit of the Law Firm's payroll records by the Louisiana Workforce Commission that has ever been conducted in 44 years of practice. All of the reporting to the Louisiana Workforce Commission had been done by Kingsbery during her employ with the Law Firm.[33]

The Payroll Audit concluded that Kingsbery was not owed anything further and also concluded that Kingsbery misreported her own wages and overreported Chetta's wages. The overreported difference, done solely by Kingsbery, was corrected by the tax agent via amendments. There were no additional taxes due after the correction of the discrepancy solely precipitated by the reporting of Kingsbery.[34]

Finally, the Law Firm does not have a paid vacation policy and has never paid employees for their time away from the office while they are on vacation, a fact of which Kingsbery has admitted.[35] She was not and is not entitled to be paid for 2 days of vacation time.

Accordingly, defendants are entitled to judgment as a matter of law on all of Kingsbery's LWPA claims.

---

[32] Req. for Admission, ¶ 24.
[33] *Id.,* 36; Manville Dec. ¶s 5, 8.
[34] Paddison Dec. ¶ 37 and Exhibits 2 and 6 thereto; Manville Dec., ¶ 8.
[35] Paddison Dec. ¶ 4; Req. for Admission, ¶ 14; Sworn Declaration of Lori Manville, attached to the Memorandum in Support of Motion for Summary Judgment as Exhibit B, ("Manville Dec."), ¶ 7.

**CONCLUSION**

For the foregoing reasons, David R. Paddison, individually, and David R. Paddison, Attorney-at-Law, LLC submit that they have demonstrated that there are no genuine issues in dispute as to any material fact and that they are entitled to judgment as a matter of law as to all of the claims set forth in the Complaint filed herein by plaintiff, Marjorie E. Kingsbery, and accordingly, request that the Complaint be dismissed in its entirety at plaintiff's cost. Defendants further request all general relief.

Respectfully submitted,

*s/Ralph S. Whalen, Jr.*
_____
RALPH S. WHALEN, JR. (La. Bar #08319)
1100 Poydras Street #2950
New Orleans, LA 70163
Phone: (504) 525-1600
Facsimile: (504) 525-1606
Attorney for defendants, David R. Paddison,
Individually and David Paddison,
Attorney-at-Law, LLC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I have served a copy of the foregoing pleading on all counsel of record in this matter by email, facsimile, United States Mail and/or the Court's ECF system on this 25th day of August 2021.

        /s/ Ralph S. Whalen, Jr.