# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

MARGIE E. KINGSBERY
        Plaintiff                            CIVIL ACTION: 20-3192

versus

DAVID PADDISON,
ATTORNEY-AT-LAW LLC          JUDGE: MARTIN L. C. FELDMAN
and                                    MAGISTRATE: MICHAEL B. NORTH

DAVID R. PADDISON, INDIVIDUALLY
        Defendants

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' REPLY MEMORANDUM

MAY IT PLEASE THE COURT

    This brief response to Defendants' Reply Memorandum Rec., Doc. 41 is written with great reluctance, and with due regard to your Honor's previous caution to the parties to be mindful of the consequences of 28 U.S.C. § 1927. Rec., Doc. 36.

    **No Request to Send Pleadings to a Separate Address**

    Opposing counsel Mr. Ralph Whalen somehow seeks to blame the undersigned for undersigned's timely sending Plaintiff's Responses to Requests for Admissions to defense counsel's office location in New Orleans, rather than to some other, private address. The undersigned assures the Court that there was never any such undertaking given to opposing counsel, nor was there such a request. In fact, to this day, the undersigned has no address or contact information for Mr. Whalen other than what he himself gives out in his public information. A good example is his signature block on his Reply Brief, which lists only his Poydras Street address, no email or direct line.

1

The undersigned took the additional precaution of sending discovery responses timely and via U.S. Certified Mail to Mr. Whalen's known office address because of the extraordinary and protracted procedural difficulties surrounding initial service of process on Mr. Paddision and his law firm. Rec., Docs. 4-25. It simply will not do for Defendants to persist in this type of litigation tactic.

### Declaration of Kathryn Chetta

Defendants' arguments throughout the Reply Brief are only unsworn arguments of counsel and cannot be admitted as evidence. Among the material facts alleged by Ms. Chetta was that she was an hourly, not a salaried employee, like Plaintiff[1], that she took paid vacation, like Plaintiff,[2] and that she kept working at Mr. Paddison's office from March 23 to April 1, 2020, despite what Mr. Paddison alleges, and that during that time no passwords changed on office computers[3]. Mr. Paddison, on the other hand, has alleged that Plaintiff could not have worked for him after March 23 because he changed the computer passwords.[4] Ms. Chetta's sworn testimony is material and admissible.

### Vacation Time

The evidence which was submitted by Margie Kingsbery was clear and straightforward: She was paid vacation time by Mr. Paddison, as evidenced by a check signed by Mr. Paddison himself.[5] So had Ms. Chetta been paid vacation time.[6] Louisiana law is clear that in the absence of an established, written policy an employee is entitled to vacation earned and taken, but also

---

[1] Sworn Declaration of Kathryn Chetta, Rec., Doc. 39-5 ¶ 4.
[2] Sworn Declaration of Kathryn Chetta, Rec., Doc. 39-5 ¶ 8.
[3] Sworn Declaration of Kathryn Chetta, Rec., Doc. 39-5 ¶ 14.
[4] Memorandum in Support of Motion for Summary Judgment, p. 6 n. 21. Rec., Doc. 37-2.
[5] Plaintiff's Opposition Memorandum, Exhibit D, p. MK0036. Rec., Doc. 39-2.
[6] Sworn Declaration of Kathryn Chetta, Rec., Doc. 39-5 ¶ 8.

vacation time accrued but not taken.[7] Mr. Paddison has never suggested that he or his office had a written vacation policy.

### David Paddison, Individually, as Employer

Mr. Paddison seems to suggest in his Reply Brief that to be deemed an employer one must actually pay an employee.[8]  That notion is mistaken as a matter of law.  According to the Fair Labor Standards Act,

> An "employer " includes any person who acts directly or indirectly in the interest of an employer to  any  of  the employer's employees.  The definition of  "employer "  in section 3(d) of the Fair Labor Standards Act (FLSA) , 29 U.S.C. 203(d), similarly includes any person acting directly or indirectly in the interest of an employer in relation to an employee.

*Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006)

Mr. Paddison's other observations, such as noting Ms. Kingsbery's salary exceeded $50,000[9], that she was paid that amount due to the overtime she worked[10], and that she never advanced a claim for overtime[11], are completely without merit, for reasons already set out in Plaintiff's Opposition Memorandum.

### Conclusion

Defendants unsupported arguments and innuendos have pointed to nothing which suggest that there are any material facts in this case which are not at issue.  Accordingly, the Motion for Summary Judgment should be denied.

---

[7] Picard v. Vermilion Parish, 742 So. 2d 589 (La. Ct. App. 1999), among many others.
[8] Reply Brief, p. 6.
[9] Reply Brief, pp. 6-9.  To be exempt an employee must meet three criteria, not one, as set out in Plaintiff's Opposition Brief, p. 9.Rec., Doc. 39.
[10] Kingsbery made the money she made because of the sheer number of hours she worked.  She did not receive overtime pay for the overtime hours she worked. .Opposition Brief, p. 4, Plaintiff Sworn Statement, ¶¶ 6, 7.
[11] No such demand is required.  An employer must compensate employees for all work it "suffers or permits." Opposition Brief, p. 9.

Respectfully submitted,

/s Dale E. Williams
Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile: (985) 892-2640
dale@daleslaw.com
*Counsel for Plaintiff Margie E. Kingsbery*