UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARJORIE E. KINGSBERY                                           CIVIL ACTION

VERSUS                                                                    NUMBER: 20-3192

DAVID PADDISON, ATTORNEY-AT-LAW, L.L.C., ET AL.      SECTION: "F" (5)

## ORDER

Before the Court is Plaintiff's Motion to Fix Attorney's Fees. (Rec. doc. 69). The motion is unopposed. On January 12, 2022, this Court granted Plaintiff's first motion to compel and ordered Defendants to respond fully to requests for production 1, 5, 6, 7, 9, 10, and 11 by January 19, 2022. (Rec. doc. 63). Defendants failed to respond to requests for production 5, 6, 7, and 11. Plaintiff then filed a renewed motion to compel and for sanctions. (Rec. doc. 66). This Court also granted that motion, reserving the right to Plaintiff to file the appropriate motion with supporting documentation to recover her fees and costs incurred in the filing of both motions to compel, should circumstances so warrant. (Rec. doc. 68). Plaintiff has now done so and seeks $3,187.50 in fees incurred in filing both motions to compel and this motion for attorney's fees. (Rec. doc. 69).

Federal Rule of Civil Procedure 37 controls the awarding of attorney's fees and costs after the resolution of a successful motion to compel. Rule 37 provides that "[i]f the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *Aker Sols. Inc. v.*

*Shamrock Energy Sols., L.L.C.*, No. CV 16-2560, 2021 WL 291256, at *8 (E.D. La. Jan. 28, 2021).[1]

The "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this calculation is called the "lodestar." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). There is a "strong" presumption that the lodestar calculation produces a reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys are required to make a good-faith effort to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. . . ." *Hensley*, 461 U.S. at 434. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 n.15 (5th Cir. 1987). These requirements underlie the core principle that hours that are not properly billed to one's client are likewise not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.

Once the Court determines the lodestar, it must then consider the applicability and relative weight of the 12 factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d

---

[1] Certain exceptions apply to this presumptive award of fees and costs. None of those exceptions applies here.

714, 717-19 (5th Cir. 1974).[2] While the Court may adjust the lodestar upward or downward adjustments if the *Johnson* factors so warrant, the lodestar is presumptively correct and should be modified only in exceptional cases. *See Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993).

After calculation of the lodestar, the burden shifts to the party opposing the application to contest the reasonableness of the hourly rate requested and/or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give [the] fee applicants notice" of those objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

In this case, Plaintiff seeks an hourly rate of $375.00/hour for her attorney, Dale E. Williams. The Court finds this hourly rate to be reasonable in light of Williams' education, experience, and the prevailing rates in this community. This Court has found rates within this range to be reasonable. *See Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C.*, No. 10-4151, 2014 WL 5039670, at *8 (E.D. La. Sept. 25, 2014) (finding that hourly rate of $275.00 per hour for an attorney with seven years of experience was appropriate); *Ranger Steel Servs., LP v. Orleans Materials & Equip., Co.*, No. 10-112, 2010 WL 3488236, at *3 (E.D. La. Aug. 27, 2010) (finding $395.00 per hour was reasonable fee for a partner attorney in New Orleans). Williams clerked for the late Chief Justice Pascal Calogero of the

---

[2] The twelve Johnson factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and, (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Louisiana Supreme Court, is a member of the National Employment Lawyers Association, and has 30 years of practice experience in the area of employment law.

Plaintiff also seeks eight and a half hours as reasonably expended on the two motions to compel and this motion to fix attorney's fees. Plaintiff contends that the time spent was necessary to obtain the relief ultimately awarded by the Court. Counsel expended three hours on the first motion to compel and its reply, three and a half hours on the renewed motion to compel, and two hours on this motion to fix attorney's fees. Given the underlying facts and circumstances of this lawsuit, and the underlying fact that Defendant's recalcitrance forced Plaintiff to file two motions to receive responses to her discovery, the Court finds that eight and a half hours on three motions is not unreasonable. For the foregoing reasons,

**IT IS ORDERED** that the Plaintiff's Motion to Fix Attorney's Fees (Rec. doc. 69) is granted, and Plaintiff is awarded $3,187.50 in attorney's fees.

New Orleans, Louisiana, this __9th__ day of _____February_____, 2022.

                                          **MICHAEL B. NORTH**
                              **UNITED STATES MAGISTRATE JUDGE**